**Glenda BLAKENEY, infant, et al.,**
**Plaintiffs,**

v.

**FAIRFAX COUNTY SCHOOL BOARD**
**et al., Defendants.**

**Civ. A. No. 3067.**

United States District Court
E. D. Virginia,
at Alexandria.

July 31, 1964.

Otto L. Tucker, Alexandria, Va., Allison W. Brown, Jr., Washington, D. C., for plaintiffs.

James Keith, Fairfax, Va., for defendants.

LEWIS, District Judge.

Hearing upon the scope of the injunction to be entered herein as ordered by the United States Court of Appeals for the Fourth Circuit, 239 F.2d 334, and upon the intervening petition of Willie F. Burton, Jr. and others, was had July 8, 1964.

The attorney for the petitioners asked for the entry of an order enjoining the defendants, their agents and employees (1) from any and all action that regulates or affects, on the basis of race or color, the initial assignment, the transfer, the enrollment or the education of any child to and in any public school under the defendants' supervision and control; (2) from using any separate racial attendance areas or zones or their equivalent in determining the placement of children in schools; (3) from requiring any applicants for transfer from Negro to desegregated schools to submit to any administrative or other procedures to obtain such transfers which are not generally and uniformly used in assigning all pupils to schools; (4) from employing or assigning principals, teachers or other school personnel on the basis of the race or color of the person employed or assigned, or on the basis of the race or color of pupils attending the school to which such person is assigned.

The attorney for the defendants urges that the injunction be drawn in accordance with the prayer of the five appellants (Petition, June 14, 1963). It reads as follows:

(a) Restraining and enjoining the defendants, and each of them, their successors in office, and their agents and employees, from refusing to admit, enroll and educate forthwith the infant intervenors, and other children similarly situated, in the designated schools for which they have applied, or may apply, or in such other schools under the jurisdiction and control of the defendants for which said children are otherwise qualified and eligible for admission, enrollment and education, on the basis of the same standards and criteria applied in determining the admission of all children in said schools, excluding any and all consideration of their race or color; (b) restraining and enjoining the defendants from making initial assignments of Negro children to schools which none but Negroes attend.

Both of the attorneys cite the June 23rd opinion of the Court of Appeals in support of their respective positions.

The Court found in its March 3, 1964, memorandum opinion that Fairfax County was not maintaining a dual or segregated school system; that the placement of pupils in the Fairfax County school system initially and via transfer was being administered on a racially non-discriminatory basis. All colored children attending the so-called colored elementary schools were so assigned solely on account of residence. Colored students attending the so-called all-Negro junior-senior high school attended solely by choice. (All who lived near a so-called all-white or integrated school were there admitted upon request.) There was no evidence that any white children lived within the attendance area of the so-called all-Negro elementary schools. Both white and colored children upon graduation from elementary school were automatically assigned to the next higher school where their classmates were assigned.

Upon this record, as supplemented by the July 8, 1964, hearing, the Court finds the Fairfax County School Board has eliminated one of the so-called all-Negro elementary schools (Oak Grove), reassigning to all-white or integrated schools all of its fifty-five pupils, and is phasing out the so-called all-Negro junior-senior high school by eliminating the seventh grade this year and the eighth grade next year. (Students who would have attended the eliminated grade are being reas-

signed to the all-white or integrated school nearest their place of residence.) The remaining three grades of this junior-senior high school will be completely phased out in the next two or three years and the school plant will then be used by those students, colored and white, then residing in the attendance area delineated for this plant. (This school may be integrated this year—several white students residing in the area are expected to seek enrollment therein. If so, the School Board will admit them.)

Due to the rapid growth of Fairfax County some white families have moved in homes located nearer some of the so-called all-Negro elementary schools (Vienna and Baileys Cross Roads) than to existing all-white or integrated schools. These white children have not been compelled to attend these so-called all-Negro elementary schools. Upon request they have been assigned to the next nearest white or integrated school where space was available.

■■■ The School Board during its April 1964 hearing denied transfer requests in about one hundred cases, all on the grounds of overcrowding, lack of transportation and that the applicant lived nearer to another school. (Forty-eight of these applicants were the present Negro intervenors; the other applicants were white.) Although there was no evidence of discrimination on account of race in the denial of any of these applications, the Negro intervenors now say they should not be compelled to attend the elementary school nearest their home be it a so-called all-Negro school, so long as any white children similarly situated in the County are not compelled to attend an all-Negro school be it the nearest their place of residence.

This question is now moot. The School Board of Fairfax County on July 9, 1964, reexamined the applications of the forty-eight intervenors and assigned each of them and two additional colored applicants to the all-white or integrated school nearest their place of residence. All other Negro children similarly situated will be reassigned to the next nearest all-white or integrated school upon request. Neither white nor colored children will be compelled to attend any of the existing so-called all-Negro elementary schools—except by choice.

Basically Fairfax County follows the neighborhood concept for the assignment of pupils on a non-discriminatory basis. Attendance areas are established for each school based upon the capacity of the school plant. These attendance areas require almost constant revision due to an exploding population. The opening of many new schools each year requires further amendments from time to time.

The present school system in Fairfax County consists of approximately 120 schools with an enrollment of more than 91,000 students (10,000 more than last year). Six of these schools are the so-called all-Negro schools (five elementary and one junior-senior high school). There are approximately 2,300 Negro students in the County, 900 of whom attend 72 integrated schools. The remainder attend the so-called all-Negro schools. The five elementary schools are located in all-colored communities. They have so existed for many years. Exploding suburbia is now encroaching upon the former boundaries of the Vienna and Baileys Cross Roads colored communities. Some of these new white homes are now geographically closer to the existing all-Negro elementary schools than to an existing all-white or integrated school.

There is no evidence in this case that the School Board has gerrymandered or attempted to gerrymander the attendance areas for these five so-called all-Negro schools in order to perpetuate the existing de facto segregation. Negro attendance in the all-colored junior-senior high school has been on a voluntary basis for some time. This all-Negro school will be phased out within the next two or three years. All Negroes living nearer the five so-called all-Negro elementary schools may now attend the next nearest all-white or integrated school upon request, subject only to space availability.

This is not enough, says the attorney for the petitioners. "They expect the so-called all-Negro schools as such to be abolished." * * * "They [the School Board] have two choices. They either have to close the school as such or integrate it."

The Supreme Court of the United States has not ordered enforced integration. It has outlawed discrimination. The primary responsibility for the assignment and enrollment of pupils in the public school system on a non-discriminatory basis rests with the local School Board. In Fairfax County the last vestige of discrimination in the assignment of pupils has been eliminated. All Negro children in Fairfax County may now attend an all-white or integrated school upon request even though he lives nearer an existing all-colored school. Continued population explosions will in the near future completely engulf most, if not all, of the colored communities in Fairfax County. In the interim school officials will not be required to abolish the existing so-called all-colored schools. To do so in the face of an existing shortage of three thousand seats this year is unthinkable. Neither will the school authorities be required to transport white students from their home neighborhoods for the purpose of integrating the so-called all-colored schools or to transport Negro students from their home neighborhoods to all-white schools for the purpose of integrating those schools. (See Civil Rights Act, 1964, 78 Stat. 241).

The parties being unable to agree upon the scope of the injunction as directed by the Court of Appeals, the Court has this day entered an injunction as prayed for by the five appellants, a copy of which is attached hereto.

No further amendment or additional evidence having been tendered or offered in re the employment and assignment of the teaching and administrative staffs, the relief sought is denied without prejudice to the right of the petitioners to institute an appropriate suit seeking such relief, if they be so advised.